Case No. 25-7707, the Fulton Consortium 1, LLC v. Argentine Republic, a balance. Ms. Roman Murthy for the balance. Ms. McGill for the appellate. Good morning. Good morning. May it please the Court, Rethna Roman Murthy from Cleary Gottlieb for the Republic of Argentina. The limitations period that should be borrowed in this action is the 3-year statute of limitations from the Federal or D.C. Arbitration Acts. The district court was incorrect to choose instead the 12-year period governing expiration of a D.C. judgment under the D.C. Code. Under a 3-year limitations period, Titan's action is time-barred and should be dismissed. So to take a step back, this is an action under Section 1650A, and it's undisputed that Section 1650A does not have its own limitations period, meaning that one needs to be borrowed. So that means finding a closely analogous cause of action to borrow from. And the nature of this action is one in which Titan is seeking entry of judgment on an arbitration award, and the nature of the action is really underscored by the basis for jurisdiction that Titan invokes, which is Section 1605A.6 of the FISA, which covers actions to confirm arbitral awards. Based on that, the closest analogy here is another statute that also provides for confirmation of arbitral awards. Can I ask a predicate question? My understanding is that when the, I don't know what you call it, but the appeal or the case was taken to the annulment review process that a provisional stay was entered. Was a stay ever entered for the balance of the time the matter was pending before the annulment committee or whatever it's called? No, Your Honor, I believe it was not, and there was no stay that would have prevented Titan from filing its action in a timely manner. That's not what I'm asking, is whether a stay had been entered during, I thought it was, you know more about this than me. I thought it was at least not uncommon for their stays to be entered during the annulment proceedings. Is that wrong? But one just wasn't entered here. There was just a provisional stay, and then it expired when? After 30 days? I can check on that, and I'm happy to, when I come back on rebuttal, I can address that for the Court. Going back to the idea that we want a close analog here and a closely analogous action would be one that is also about confirmation of an arbitral award. Under federal law, that takes us to the Federal Arbitration Act, which is Section 207. Under D.C. law, that takes us to the D.C. Arbitration Act, which is 164425. So you can, as sort of your argument so far shows, every one of your arguments flows from the idea that we should look at this like an arbitration award. And I just want to know what you do with the language in the statute that says, for purposes of enforcement, treat it like a state court judgment. Sure. So that language about treating an exit award as if it were a judgment of one of the several states really just means that the Court should not look back into the merits and the underlying proceedings there. So in Valores Mundiales, this Court held that that statement is really about preventing re-litigation of issues that were already decided. Well, that was the issue in that case, but nothing about the actual language in the statute is narrow in any way. It just tells us, treat it like a state court judgment. And so one thing that means is there's no basis to collaterally attack it. Another thing it means is, you know, if you have to go out and look for a time limit, why don't you look for something that relates to state court judgments, not arbitration awards? And why is that not, it's a pretty simple way of looking at the case. And why is that wrong? So if you think of treat it like a state court judgment as meaning that in all respects and in all aspects of an enforcement action, you should treat it like a state court judgment, that actually creates a jurisdictional problem here because under 1605A6, you do not have, a court does not have jurisdiction to enforce a judgment related to an arbitral award. It only has jurisdiction over actions to confirm an arbitral award. And so basically this gets us to the same place that the Second Circuit was in Mobile-Cerro Negro where they were saying to give effect to that statement, I should understand it best as meaning we don't delve into the merits and therefore we're not doing kind of a long involved proceeding, but that doesn't displace any other types of procedural issues or considerations. So things like making sure that there's jurisdiction, making sure that you still have a plenary action, and in this matter, what the correct statute of limitations to borrow would be. And of course, Section 15101, which is what Titan and the District Court have chosen, really doesn't fare any better under that language about treating it as if it were a judgment of one of the several states for a few different reasons. Number one, that is just a provision about judgments rendered within D.C. So it doesn't apply to sister state provisions. And so it doesn't give effect to that part of the statutory language. The D.C. provision that is about sister state judgments is unworkable here as is undisputed. Why is it necessarily unworkable? If we say that it's not a D.C. court judgment, but we treat it as if it's a state court judgment or a foreign court judgment or some other sort of judgment, if you apply the D.C. statute, you look at where 12307, you look at where that judgment was rendered, and we know where it was rendered. It was rendered in Washington, D.C. So you can literally apply the act because we know from D.C. Code 12-307, you know, what to do. We know where the decision was rendered. And it says the action can be brought unless the action would be barred there. And it's not barred there because we're back at the same place. It's the 12-year statute of limitations under 15-101. So it seems like whichever way you go, you end up at the same place, 12 years. I think there are a couple of differences there, Your Honor. So one is that a judgment was not rendered here. An arbitral award was rendered, and that is meaningfully different. So Titan in this action says that it's seeking entry of a judgment as it must. And again, if it were to characterize this any other way, it would have a jurisdictional problem. And then beyond that, the fact of an arbitration taking place in D.C. is not the equivalent of a state, a different forum rendering a judgment through its courts in the way under the D.C. Code that you would then look back to the rendering forum state. Well, what do we do with the language in, as Judge Garcia mentioned in the statute, that says it's supposed to be treated as if the award were a final judgment of a court of jurisdiction of one of the several states? What work does that do in your view? In my view, what that text does is it prevents us from relitigating merits-type issues or bringing the variety of challenges that you might bring in this type of proceeding in a different context. So both in the Valores Mundiales case and also in the legislative history of this provision itself, we see that this statement about treating an award as if it were a judgment of one of the several states essentially means that the district court is just precluded from inquiring into the merits of the underlying controversy. That's a very different task than what we're doing here in trying to figure out what the correct statute of limitations to borrow would be. So that statement does have effect. It does have meaning. It means there are various challenges to what happened during the arbitration proceedings that we could not bring at this stage, and that's correct. But it doesn't change the analysis that the court needs to do in terms of statute of limitations to borrow. And so here, if we're looking for something that is really closely analogous, we could get either to the D.C. Arbitration Act or to the Federal Arbitration Act. Both of those get us to the same place because they both carry a three-year statute of limitations. And the Federal here is particularly closely analogous because, as the court recognized in its next-era decision, Section 1650A is about enforcing, i.e., confirming exit awards, and Section 207, quote, likewise, is about doing the same under the New York Convention. So we have— Congress said Federal Arbitration Act shall not apply, full stop. So that seems pretty direct. We don't often get them that direct. So a couple of things about that. So first, we're not talking about applying. We're only talking about borrowing. And Justice Scalia, in his agency holdings concurrence, really made clear that there's a meaningful difference there. So if we were talking about—  But I've got a statute that says it doesn't apply, and what you want to say is that, in fact, provides the governing statute of limitations. Right. So if we were—there's no question here about whether that statute applies. Can you borrow something without saying that we are applying that statute? We are applying that statute of limitations? Yes, Your Honor, I think you can. You can borrow a statute of limitations, and there's— What do you do after you borrow it? You apply it. After you borrow it, you analyze the claim under that statute of limitations. And I do that by applying that statute of limitations. I just don't mentally know how I don't do that. And it just seems quite odd that Congress would say FAA off-limits here and then expect us to use that statute of limitations. It seems kind of—and we'll go, well, we're just borrowing it. We're not really using it or applying it. Of course we are. Well, Congress didn't say FAA off-limits here. Congress made a specific statement about the FAA not applying. We, again, have legislative history about that exact statement, which says that the scope of that statement was really about the grounds for vacatur in Chapter 1 of the FAA. It explicitly links that statement to those grounds for vacatur. That's in the joint appendix. Is there something ambiguous about the text that has me looking at legislative history? I think the text is not ambiguous. I think there is a distinction between borrow and apply, textually speaking. If we're then getting into kind of the next level question of, well, what does it really mean to borrow? What does it really mean to apply? If I borrow a lawnmower from my neighbor and just let it sit in my garage, that's fine. But if I use it, I'd have to then use it. That's the whole point of borrowing it is so that you then use it. And I don't know how using it isn't applying that statute of limitations. Right. I would think of it as you borrow the lawnmower from your neighbor and then you use it on your grass. I'm going to use the statute of limitations. But you're not applying it necessarily. I don't know what you mean by applying. It's not a Federal Arbitration Act case, but you are applying it. You're saying that's what governs here. That's what you want us to say. You want us to say that statute of limitations will be applied in every case under 1650A. And it will govern and it will control. I don't know what it means to sort of wink and go, we just borrowed it. Sure. Even putting that aside, if we were to assume that there is not a distinction between the terms here, there's also the point that at that time that the statement was written, all we had was Chapter 1 of the FAA. So the only thing Congress could have been... I think that's... No, I don't think that's true. I don't think that's the only thing it could have meant because Congress came along later, right, and added more things to the FAA, but did not at the same time amend that provision. That's correct, Your Honor. So we can't sort of go, so they only meant it to apply. So this time-limited thing, it only applies to the old FAA and not the new FAA. I mean, we assume from congressional inaction a choice, don't we? That's right. And in some sense, this point ends up being academic because this is only the question of whether you can actually get to a federal statute or not. And here, even if you look past that, the fundamental point that should drive the entire analysis here is the fact that we have to find something analogous whether we're on the federal side or the state side. And on the state side, the most closely analogous provision, again, gets us to a three-year statute of limitations. Well, I mean, you're talking about 164425. Yes. So do you have any case where someone has borrowed a non-statute of limitations in this context? I mean, the problem is the D.C. Code provision you want to see does not have the statute of limitations. So it seems very strange to say that the most analogous statute of limitations is a general catch-all that applies to, I don't know, is it a dozen or so different subject matter areas, 99% of which have nothing to do with this area. Right. I've just never seen someone, every time we borrow statute of limitations, we're going to another statute of limitations provision. But your argument is go to this provision that has no statute of limitations, then borrow what it presumably is subject to. Right. So this is not a matter of going straight to a catch-all. We're not saying the catch-all itself is the thing that is most closely analogous. We're saying 164425 is the thing that's closely analogous. And the statute of limitations... But we're supposed to borrow the most analogous, I mean, the most analogous enforcement provision. Right. And the whole point of it, why are we borrowing it? Because we need a statute of limitations. That's the only reason we're borrowing anything, right? That's right. We need a statute of limitations. Are you aware of any case in any context where, doesn't have to be under 1650A, where a court said we need to borrow a state statute of limitations, and so we're going to invoke this provision that contains no statute of limitations, and then chase down what we think the statute of limitations under state law should be for that action. Your Honor, I believe the Crocker case, which has been cited in the briefing in this action, did exactly this, and ended up borrowing this exact catch-all statute of limitations. I can confirm that point, but I believe that does happen. And it makes sense, because we have other case laws showing that under DC 164425, the three-year catch-all statute of limitations does govern the actions brought under there. So the In Re Console Rail case, for example, is one where that provision and action brought under 164425 was governed by that same three-year statute of limitations. So I take the point that the three-year statute of limitations is not in 164425 itself, but the two operate together in a way that the court would not be prevented from referring to 164425 as the most analogous provision and taking the statute of limitations accordingly. Thank you. Thank you. We'll give you some time on rebuttal. Good morning, Your Honors, and may it please the Court. Matthew McGill of King & Spaulding for Titan Consortium. The judgment of the District Court should be affirmed. At two levels, the text of Section 1650A defeats Argentina's argument here. First, Section 1650A directs courts to give ICSID awards full faith in the principles of the Constitution. That full faith in credit as if they were state court judgments. That full faith in credit language is critical because it means a federal court must treat an ICSID award as a state court or a D.C. court would treat one of its own judgments. That points directly to D.C. Code Section 15-101 and its 12-year period for enforcement of D.C. judgments. Second, there is the Federal Arbitration Act shall not apply. And even if you took Argentina's view of what that means and doesn't mean, it does mean for sure that the Federal Arbitration Act's grounds for vacatur are unavailable in ICSID cases. It also is a very clear textual signal that Congress did not think that ICSID actions were in any way analogous to FAA actions. And the New York Convention confirmation proceedings are not analogous for the same reason. They allow litigation of FAA-type defenses that the ICSID Convention expressly forbids. Stepping back, approaching this as a question of statutory construction, asking, what did Congress intend by its silence? Congress could not possibly have intended in 1966 to borrow a statute of limitations that had not yet been drafted pertaining to a treaty to which the United States had not yet acceded. It's also utterly implausible to think that Congress intended by its silence to borrow any aspect of the one part of the United States Code that Congress said shall not apply. The Court should be especially skeptical of inferring from Congress's silence an intent to borrow a statute of limitations that is so short as to regularly collide with ICSID's own appellate process. And finally, this three-year statute of limitations would risk putting the United States in violation of its own treaty obligations under Article 54 to enforce an ICSID award as if it were a final judgment because no state in the Union or territory has a statute of limitations or a period for judgment enforcement as short as the three-year period that Argentina is urging here. So, for all of those reasons, we think that you should just follow the North Star methodology. Start with the strong presumption that we look to state law. Here, there is a the ICSID statute and the ICSID convention itself points directly to state law. The Argentina discusses or raises concerns about the uniformity problems that would arise if we applied state law statutes of limitations but that is baked into the ICSID convention itself. Article 54 at the United States is urging includes a sentence that says if you have a federal constitution, you may treat the ICSID awards as if they were a final judgment of a constituent state. So, it's baked into the ICSID convention itself that there would be some variation of within federal systems like our own. So, there's no uniformity problem other than the ones that 200 and so nations agreed to and that the United States agreed to when it signed the ICSID convention and of course that Congress must have intended when it used the same full faith and credit language that had a very well established meaning by that time in 1966 because the statute has been unchanged since 1790 and it has always required federal courts to look to state standards to determine the enforceability of judgments. So, there's no uniformity problem that should be if the district has consistently been treated as a state for this purpose. Yes, I mean the full faith and credit act requires it. Absolutely. There's no question about that. Sorry. Why is ICSID structured this way as compared to the New York Convention? Do you know? Because ICSID has its own appellate process and this was the New York Convention was covers a much broader range of arbitral awards. The New York Convention covers any commercial international arbitration award. The ICSID system is limited to investor state arbitrations investor one side state on another. We had practically 200 nations agreed on the framework here where the awards are binding when they're issued, they have their own appellate process and there is no litigation allowed outside of that appellate process as this court recognized in the Valores-Mundial decision when an ICSID award is brought to court for enforcement the only question is whether ICSID itself would view the award as valid. That is the test and that tells you just how unanalogous an FAA proceeding or a New York Convention proceeding is and if you've been involved as I have in the litigation of a New York Convention proceeding, there's a lot of defenses that are raised. Article 5 of the New York Convention has practically all of the same defenses that the FAA does. Incapacity, not valid under the law to which the parties have subjected it. No proper notice. Due process concerns. Beyond the scope of the arbitration. Not in accordance with the procedure agreed to. Violates public policy. None of this is allowed. None in an ICSID case. The idea that the same statute of limitations would apply because one is analogous to the other is just flatly contradicted by the nature of those two litigations. So if we're borrowing a statute of limitations here, we should, as the text here clearly commands, treat it as a state court judgment and that points directly again to section 15101. That is the most analogous state law and I would submit the most analogous period for any other statute statute of limitations that possibly could be borrowed. Can I just ask you about so there was no stay during the annulment proceeding, is that right? I'm not aware of there being a stay, Your Honor. The record says there was a provisional stay. The way it works in ICSID proceedings is when a party applies for annulment, it's automatically stayed by rule. The award is automatically stayed by rule while the annulment committee is constituted. And then the applicant for the stay can apply for a further stay from the annulment committee and I'm not aware that such a stay was granted here. Argentina would be the one to apply. Argentina would have been the one to have applied and it would have sought a stay of enforcement from the annulment committee. Of course, were there a stay, that would have raised tolling defenses of the type. I would say another issue here would be what is the award? Is it the award that first emerges or is it the award that comes after annulment that adds on and tacks on the annulment costs? That would raise a different set of issues but here I would say Do we need to know which it is? If we measure it from the annulment proceeding, end of the annulment proceeding I think you're still within three years then. That would be true but I would If that's the relevant award then both sides win. Except that it definitely should not be a three year statute of limitations. It would matter to you in this case. It would not. It would not. I had thought the language was focused more on what sounded like the initial. There's no case law in this country on when you measure the time from? I'm not aware of any. It's strange to be doing a statute of limitations case without knowing. Here's the problem I see Judge Millett. The Section 1650A says you treat the award which would be both the first and the second award but the award as a judgment entitled to full faith and credit. Most judgment enforcement statutes run from the date in which a judgment is entitled to full faith and credit. I assume that's pre-appeal? You mean pre-annulment? We're talking about state court judgments. Whenever that state would accord a judgment full faith and credit. If a state did not accord a judgment full faith and credit until after appeal I'm not aware of any state that does that but if that were the case then that would be the rule and there are some states that have race judicata rules that do depend on appellate review. I think this case could be and should be resolved on the basis that the district court decided it and also on the basis that Judge Walden decided in the WeBuild case that section 15-101 is the most analogous statute here and is the appropriate one to borrow. It's been around a long time and there's no decision anywhere in this country when the statute of limitations whatever one you're borrowing starts to run? Your Honor I'm not aware of any decision in the world that has rejected an ICSID award on statute of limitations grounds and I'm only aware of a statute of limitations being raised in the three instances that Argentina has raised it which would be Blue Ridge WeBuild and this case. So it doesn't get litigated a lot in part because ICSID itself includes no time limitation on the enforcement of its awards and it says only that it must be accorded the same treatment as a judgment of a court of general jurisdiction in the contracting state and we're the contracting state that applies these kind of time limitations to judgments of courts of general jurisdiction. Any questions? Thank you very much counsel. Okay Ms. Marti we will give you two minutes for rebuttal. Thank you, Your Honor. So just to follow up on a few of the points we discussed on your question regarding a stay, if you look at the annulment decision JA572, the procedural history makes no reference to a stay there. On the question of when the limitations period runs from, the Flatow case and the Africard case, which we both cite in our opening brief, both say that the limitations period runs from the date the award is made or rendered and then if we look at the ICSID convention, Article 49-1 it specifies that that is the date that the certified copies were dispatched. So it is not correct to say that the limitations period doesn't begin to run until the annulment proceedings. The limitations period runs when the award itself is made or rendered. That is by the original ICSID panel? Not by the annulment. Correct. Exactly. That's right. And where there are annulments. But here the annulment proceedings added more money. Does that just sort of go back in time or are there two judgments at issue here? Two annulments, not judgments. For purposes of our thinking of them as judgments, but two awards rendered. I would not think of it as two awards rendered. If you had a proceeding that was timely brought after an award was made or rendered and then there were annulment proceedings that may or may not result in additional amounts, the district court at that point has the ability to decide what to do to manage the case there. So sometimes district court's grant stays in that context on the view that maybe I'm just asking I've got an award from an ICSID panel and I take it to court and say please enforce this award and then two years later the annulment committee or whatever it's called, annulment panel says not only are you right, you get that one, but you get another $3 million. Do I then take the decision of the annulment proceeding and go to district court and say, hey, guess what? Got another one, enforce this too for the $3 million? No, you would not say got another one. That might be a basis to modify or change a judgment that was entered on the award, but it's not its own separate new award that deserves its own separate new judgment. It's just a basis to possibly modify what already exists in the proceeding and that's why it makes sense that the limitations period is running from when the original award is actually entered. On the question about the catch-all statute of limitations, so it's the Crocker v. Piedmont case from the DC Circuit 49 F.3D 736 and at 744 the court says that it's easy to disparage this limitations period as a mere catch-all, but since that provision does in fact embrace the claims that are at issue and there it was personal injury claims that it would be the most analogous that applies. And that makes sense also because when we're doing this analysis you're trying to figure out what cause of action is the closest analog. And then the second question is, all right, what is the statute of limitations accordingly? So the fact of it being a catch-all shouldn't change that analysis. And ultimately what this comes down to is really just about the nature of the action and finding something that is closely analogous. As we've said, confirmation of an award is the nature of the action here. And there's a real consequence to making sure that we think of the action as having that nature instead of having judgment enforcement because again it would create a problem under the FSAA. You have an issue where you don't have jurisdiction under 1605A6 and that reading and that consequence would undercut what 1650A is trying to do overall. Thank you very much, Counsel. Thank you. Case is submitted.
judges: Millett; Wilkins; Garcia